IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CALVIN CAVER,

    Plaintiff,

v.                                         Civil Action No. 5:14CV164
                                                                (STAMP)
KATHY P. LANE,
ERIC A. EARWIN,
D. KOSCIANSKI and
S. ROSENBERGER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
OVERRULING THE PLAINTIFF'S OBJECTIONS**

I. Background

The pro se[1] plaintiff filed this civil action under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), alleging that his constitutional rights were violated. While at FCI Hazelton, the plaintiff alleges that the prison staff found the plaintiff in possession of approximately 500 postage stamps. Possessing such an amount of stamps exceeds the amount that inmates may have. Therefore, the plaintiff claims that the prison staff placed him in a Special Housing Unit ("SHU") for a brief period of time. Later, the correctional office informed the plaintiff that he may possess the permissible amount of stamps,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

but certain Bureau of Prisons' regulations prohibited the plaintiff from sending the excess amount back home. The plaintiff asserts that he went to the prison law library to research the BOP requirements, when suddenly four officers locked him in a holding cell for three hours. Upon his release, Officer T. Schneider gave him a stack of papers which included a legal pad, commissary sheets, and a Fantasy Football roster. The plaintiff contacted Lieutenant Benson ("Lt. Benson") to notify him that the stack of papers actually belonged to his cellmate rather than to him. The plaintiff then claims that Lt. Benson told him that the situation would be resolved.

The next day, Lieutenant Floyd ("Lt. Floyd") called the plaintiff to his office, where an incident report was read to the plaintiff. The correctional officers notified the plaintiff that he was reported for possessing an excessive amount of stamps and gambling materials, namely the Fantasy Football roster. The plaintiff alleges that he researched the BOP policies, and argues that he should have had his stamps returned. Based on his findings, the plaintiff allegedly filed an inmate request to defendant Eric A. Earwin ("Earwin"), wherein he requested his stamps. Later, the Unit Disciplinary Committee conducted a hearing regarding the incident report. At that hearing, the plaintiff claims that defendant S. Rosenberger ("Rosenberger") stated that the plaintiff "made enemies." Then, defendant Rosenberger

2

allegedly fabricated the plaintiff's custody and security calculations, which resulted in the plaintiff being placed in the SHU and transferred to USP Hazelton. While at USP Hazelton, the plaintiff claims he was subjected to unpleasant conditions and feared for his safety due to the violent inmates housed there.

Based on the above facts, the plaintiff claims that the defendants violated his constitutional rights by: (1) falsifying the incident report about the postage stamps and gambling materials; (2) falsifying his custody records; (3) transferring him to USP Hazelton and subjecting him to the conditions there; and (4) violating their own policies. The defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment. ECF No. 37. In their motion, the defendants argue that the plaintiff has named the defendants without sufficiently pleading how they violated the plaintiff's constitutional rights. Even if the plaintiff had done so, the defendants argue that they are entitled to qualified immunity. The plaintiff was then notified that failure to file a response to the defendants' motion may result in an entry of an order of dismissal against him, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). ECF No. 40; see Davis v. Zahradrich, 600 F.2d 458, 460 (4th Cir. 1979). The plaintiff filed several responses in opposition to the defendants' motion, wherein he essentially reasserts his claims discussed above. ECF Nos. 42-44.

United States Magistrate Judge James E. Seibert then entered a report and recommendation. ECF No. 52. In that report and recommendation, the magistrate judge recommends dismissing the plaintiff's complaint with prejudice. As to defendant Kathy P. Lane ("Lane"), who is the Associate Warden, the magistrate judge points out that the plaintiff makes no specific allegations against her. Because no supervisory liability exists under a Bivens action, and because no specific allegations were made, the magistrate judge recommended that defendant Lane be dismissed. As to the falsified incident report, the plaintiff failed to name Officer Schneider, and therefore no liability can be found against him. Even if Officer Schneider was named, the magistrate judge noted that the plaintiff, and inmates generally, have no constitutional right to be free from false disciplinary reports. As to defendants Lane, Earwin, and D. Koscianski ("Koscianski"), the plaintiff failed to adequately plead their level of involvement. He only pleaded liability based on a theory of supervisory liability, which again is precluded in a Bivens action. Concerning the defendants' alleged failure to adhere to their own policies, the magistrate judge found that such a failure does not violate a constitutional right. Further, the plaintiff's transfer to USP Hazelton was under the BOP's discretion, and therefore, the plaintiff's claim of retaliatory transfer or a constitutional violation lacks merit. Finally, as to the conditions of

4

confinement claim, the magistrate judge found that the plaintiff insufficiently pleaded such claims and that his claims lacked merit. For those reasons, the magistrate judge recommends granting the defendants' motion to dismiss, or in the alternative, motion for summary judgment, and dismissing with prejudice the plaintiff's complaint.

The plaintiff then filed objections to the report and recommendation. ECF No. 54. The plaintiff states that he objects to the report and recommendation in its entirety, but it appears that he only objects to certain portions. First, the plaintiff believes that the dates of the alleged violations used by the magistrate judge are slightly inaccurate. Second, he argues that the defendants transferred the plaintiff in retaliation for submitting grievances, and that such transfer violates his constitutional rights. Third, he believes that the magistrate judge improperly relied more heavily on the defendants' evidence.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED. Accordingly, the defendants' motion to dismiss (ECF No. 37) is GRANTED and the plaintiff's objections (ECF No. 54) are OVERRULED.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the plaintiff filed

objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

III. Discussion

A. Supervisory Liability under *Bivens*

A Bivens action seeks to enforce "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). Phrased another way, it is a "judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors." Hall v. Clinton, 235 F.3d 202, 204 (4th Cir. 2000). "To state a private cause of action under Bivens, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the violation was committed by a federal actor." Udom v. Warden, 2012 WL 2594082, at *2 (S.D. Cal. July 5, 2012) (citing Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988)). The Supreme Court of the United States has stated that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

As the magistrate judge points out, the plaintiff makes no specific allegations as to defendant Lane. The primary claim he asserts against her is that she "was in a supervisory position," yet failed to prevent the alleged harm from occurring. The plaintiff asserts a similar argument against defendants Earwin and Koscianski. The Supreme Court has made it clear, however, that supervisory liability is inapplicable under a <u>Bivens</u> claim against officials such as those defendants. Therefore, the plaintiff's claims against defendants Lane, Earwin, and Koscianski cannot proceed to the extent that the plaintiff asserts a claim of supervisory liability.

B. <u>False Incident Report by Officer Schneider</u>

The plaintiff argues that Correctional Officer T. Schneider falsified an incident report. According to the record, however, the plaintiff has not named Officer Schneider as a defendant in this civil action. The magistrate judge correctly states that failure to name a party to a civil action generally means that such party cannot be found liable. <u>See</u> <u>McGuinness v. United States Postal Service</u>, 744 F.2d 1318, 1323 (7th Cir. 1984); <u>accord</u> <u>Stone v. Merit Systems Protection Bd. Dallas Regional Office Washington, D.C.</u>, 1989 WL 51403, at *1 (6th Cir. 1989). Even if the plaintiff named Officer Schneider in this case, the plaintiff's claim still fails to identify a constitutional right which Officer Schneider violated. As the United States Court of Appeals for the Second

7

Circuit stated in Freeman v. Rideout, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," and thus does "not give rise to a per se constitutional violation." 808 F.2d 949, 952-53 (2d Cir. 1986). Therefore, even if the plaintiff named Officer Schneider as a defendant, the claim as to the falsified incident report must be dismissed.

C. Retaliation Claims

The plaintiff alleges that defendant Rosenberger "fabricated" his custody score in retaliation "for the submission of various grievances and appeals of disciplinary hearings." ECF No. 9 at *11. He also lists defendants Lane, Earwin, and Koscianski as co-defendants in his retaliation claim under a supervisory liability theory. "To state a valid claim for retaliation under [Bivens], a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). In the prison context, "a prisoner must allege more than his personal belief that he is the victim of retaliation; that is, mere conclusory allegations of retaliation are not sufficient to state a claim for retaliation." Lerman v. Federal Bureau of Prisons, 2003 WL 22121092, at *7 (N.D. Tex. Sept. 12, 2003) (citing

8

Johnson v. Rodriquez, 110 F.3d 299, 310 (5th Cir. 1997); Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)). Rather, in this case, the plaintiff must "be prepared to establish that but for the retaliatory motive the complained of incident – such as the filing of disciplinary reports . . . – would not have occurred," and he "must produce direct evidence of motivation, or the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting Cain v. Lane, 857 F.2d 1139, 1143 n.6 (5th Cir. 1989)). Moreover, as the United States Court of Appeals for the Fourth Circuit has stated:

> Every act of discipline by prison officials is by definition "retaliatory" in the sense that it responds directly to prisoner misconduct. The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institution.

Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). The Court in Adams then further stated the following:

> It follows that claims of retaliatory actions are legally frivolous unless the complaint implicates some right that exists under the Constitution. That is, plaintiffs must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right. A claim of retaliation that fails to implicate any constitutional right "lacks even an arguable basis in law[.]

Id. (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). With the above-quoted law and record in mind, it is clear that the plaintiff's retaliation claim must be dismissed for two reasons. First, as stated earlier, no supervisory liability exists under a Bivens claim. Therefore, the plaintiff's claim cannot proceed as to defendants Lane, Earwin, and Koscianski to the extent that he asserts his claim under a theory of supervisory liability. Moreover, he has not specifically alleged how those defendants participated in the alleged retaliation. Second, the plaintiff has satisfied none of the elements for his claim. Other than his allegations in the complaint, the plaintiff offers insufficient proof of defendant Rosenberger's intent to retaliate, or what constitutional right was violated. Neither the right to participate in grievance procedures nor the right to be confined under specific security classifications are created by the Constitution of the United States. See Adams, 40 F.3d at 75 (citing Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also Sandin v. Conner, 515 U.S. 472, 485 (1995). Indeed, although prisoners still possess certain constitutional rights, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Conner, 515 U.S. at 485 (citations and quotation marks omitted). The plaintiff's failure to demonstrate a violation

of a constitutional right, standing alone, warrants dismissal of his claim.

To the extent that the plaintiff believes his transfer to USP Hazelton was retaliatory, such belief lacks merit for two additional reasons.  First, the plaintiff provides only bald conclusions and allegations as to the retaliatory nature of his transfer.  Second, the Bureau of Prisons has explicit statutory authority to designate which facility the plaintiff should serve his term of imprisonment.  More specifically, 18 U.S.C. § 3621(b) states that

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable[.]

Based on the record and law discussed above, the plaintiff's claim must be dismissed and the finding of the magistrate judge is affirmed and adopted.[2]

---

[2]It should be noted that it appears that the plaintiff claims that certain prison officials violated their own policy statements and regulations, which amounted to a constitutional violation.  However, that argument lacks merit for two reasons.  First, the plaintiff has inadequately specified which officials allegedly violated his rights.  Second, and most important, the plaintiff fails to demonstrate what constitutional right was violated.  A "failure to adhere to administrative regulations does not equate to a constitutional violation." Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citing Davis v. Scherer, 468 U.S. 183, 194 (1984)).  Therefore, to the extent the plaintiff claims the defendants violated his constitutional rights by allegedly

D.  Conditions of Confinement Claims

In his report and recommendation, the magistrate judge notes that the plaintiff takes issue with his conditions of confinement while housed in the SHU at FCI Hazelton.  Generally speaking, to succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove the following elements: (1) the deprivation of a basic human need was objectively "sufficiently serious" and (2) the prison official subjectively acted with a "sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991).  This second subjective component is satisfied when the prison official acts with deliberate indifference.  Id. at 303.  In the conditions of confinement context, the Supreme Court of the United States has stated the following:

> [A] prison official **cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.**  This approach comports best with the text of the Amendment as our cases have interpreted it.  The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."  An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation . . . .  But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for

---

violating their own statements and regulations, such claim must be dismissed.

12

> commendation, cannot under our cases be condemned as the infliction of punishment.

Farmer, 511 U.S. at 837-38 (emphasis added). Indeed, the Court has also stated that "The Constitution, we said, does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Seiter, 501 U.S. at 298 (internal citations and quotations omitted).

Based on the plaintiff's filings, it appears that while in SHU, he was denied the following: (1) access to amenities such as footwear and cleaning supplies; (2) opportunities for recreation; (3) opportunities for employment and rehabilitation; (4) access to the law library and courts; and (5) proper security measures. After reviewing the record, however, this Court finds that the plaintiff's claim has no merit. First, the plaintiff has not alleged or indicated what harm resulted from the lack of amenities. Even if the plaintiff's claim about the lack of amenities were true, the lack of those amenities fails to present "an excessive risk to inmate health or safety." Second, the plaintiff only states that he received limited access to "recreational departments." He does not indicate how long he was denied access to the recreation department, or who restricted his time for recreation. The plaintiff's bald assertion, and nothing more, fails to demonstrate an Eighth Amendment violation. Third, the plaintiff's assertions regarding the denial of opportunities for

13

employment and rehabilitation is equally misguided.  Not only does he insufficiently allege that claim, but the decisions for employment and rehabilitation also fall under the discretion of prison officials.  See 18 U.S.C. § 4081 (2012); Moody v. Dagget, 429 U.S. 78, 88 n.9 (1976); Johnson v. Knable, 1988 WL 119136, at *1 (4th Cir. 1988) (citing Altizer v. Paderick, 569 F.2d 812 (4th Cir. 1978) ("prison work assignments are matters within the discretion of prison officials, and denial of employment does not, in and of itself, abridge any constitutional right of the inmate."); see also Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997); Fernandez-Collado v. I.N.S., 644 F. Supp. 741, 744 (D. Conn. 1986) ("Congress has granted federal prison authorities the exclusive discretion to control the conditions of confinement of a particular inmate.").

Fourth, the plaintiff has not sufficiently pleaded his claim of obstructing his access to the law library and courts.  In his filings, the plaintiff admits that he had opportunities to visit the law library while in the SHU.  That admission alone means that the plaintiff's claim is arguably suspicious on its face.  As to his access to the courts, the United States Court of Appeals for the Fourth Circuit has stated the following:

> In making such a claim, a prisoner cannot rely on conclusory allegations.  Specificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations.  A prisoner must also identify an actual injury resulting from official

14

> conduct. A showing of injury is required in order to avoid adjudication of trivial claims of deprivation.

Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (internal citations omitted). The plaintiff has not complied with any of the requirements set forth in Morris, and instead only generally asserts that he was denied access to both the law library and the courts. Those conclusions, without sufficient specificity, cannot proceed. Fifth, the plaintiff fails to allege what damages or injury resulted from his exposure to "dangerous" inmates. As said by one court, "Being around dangerous individuals is simply part of prison life, something with which every inmate must contend." Wagoner v. O'Brien, 2012 WL 2924027, at *5 (N.D. W. Va. June 18, 2012). Therefore, based on the record before this Court, the plaintiff's Eighth Amendment claims to the extent asserted must be denied.

E. Plaintiff's Objections

The plaintiff filed objections to the report and recommendation. ECF No. 54. The plaintiff states that he objects to the report and recommendation in its entirety, but it appears that he only objects to certain portions. First, the plaintiff believes that the dates of the alleged violations used by the magistrate judge are slightly inaccurate. Second, he argues that the defendants transferred the plaintiff in retaliation for submitting grievances, and that such transfer violates his

constitutional rights. He also believes that the magistrate judge relied more heavily on the defendants' evidence.

After reviewing the record and the parties' filings, the plaintiff's objections must be overruled for three reasons. First, the specific dates on which the plaintiff's alleged constitutional violations occurred are not material to the claims he asserts. Nonetheless, this Court has conducted a de novo review of his claims and found that they all lack merit. Second, as discussed above, the plaintiff still has not satisfied the elements required for his retaliation claim. Third, pursuant to a de novo review of the record and examining the evidence of both parties, the plaintiff's arguments still lack merit. Therefore, the plaintiff's objections are overruled, and the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED in its entirety.

## IV. Conclusion

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 52) is AFFIRMED AND ADOPTED. Therefore, the defendants' motion to dismiss (ECF No. 37) is GRANTED. Accordingly, the plaintiff's complaint is DISMISSED WITH PREJUDICE and the plaintiff's objections (ECF No. 54) are OVERRULED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 16, 2015

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE